**NORTON ROSE FULBRIGHT**

January 5, 2026

**VIA ECF**

The Honorable Sanket J. Bulsara
United States District Judge

The Honorable Anne Y. Shields
United States Magistrate Judge

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
United States of America

Direct line +1 512 536 3018
talbot.hansum@nortonrosefulbright.com

Tel +1 512 474 5201
Fax +1 512 536 4598

Re: *VDPP, LLC v. Janam Technologies LLC*, Civil Action No. 2:25-cv-05391-SJB-AYS
Notice and Letter Brief in Opposition to the Motion for Admission Pro Hac Vice of William P. Ramey, III

Dear Judge Bulsara and Magistrate Judge Shields:

I write on behalf of Defendant Janam Technologies, LLC ("Janam") in the referenced case to provide notice of errors and omissions in the Motion for Admission Pro Hac Vice of Mr. William P. Ramey, III (Dkt. 23, the "PHV Motion"). These errors are not a "one off" event. Courts have admonished Mr. Ramey multiple times, including for the same conduct that is at issue in this letter—false statements and gamesmanship of pro hac vice applications. *See, e.g.*, *Coop. Entertainment, Inc. v Alibaba Cloud US LLC*, No. 25-CV-01842-LJC, 2025 WL 1343592 at *1 (N.D. Cal. May 8, 2025) (Ex. A-1); *AML IP, LLC v. Aero Glob., LLC*, No. 23 Civ. 11264 (DEH), 2025 WL 2673691, at *4 (S.D.N.Y. Sept. 18, 2025) (Ex. A-2).

Janam recognizes that admission pro hac vice rests within the Court's discretion, and defers to the Court as to the appropriate procedure for addressing the issues presented. However, Janam respectfully requests that *at minimum* the Court deny the PHV Motion and stay all deadlines in this case until a corrected PHV Motion is filed that complies with the Local Civil Rules and Rule 11.

I. **Background**

Plaintiff filed this action on September 25, 2025 alleging patent infringement of two patents that expired on or before January 22, 2022.

On October 22, 2025, I spoke to Mr. David J. Hoffman—the counsel named on VDPP, LLC's ("VDPP") Complaint—regarding an extension in this case and was referred to Mr. Ramey for substantive questions and to discuss an extension beyond 30 days.

On October 25, 2025, VDPP requested—and the Court granted—an extension for Janam to respond to the Complaint by December 22, 2025. Ex. A, ¶3.

On November 12, 2025, I sent Mr. Ramey a deficiency letter asking Mr. Ramey to dismiss the Complaint, or to amend the Complaint and enter an appearance in this case based on his apparent role as Lead Counsel. *See* Ex. A-3 at 1–3. Janam requested Mr. Ramey's appearance

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

January 5, 2026
Page 2

NORTON ROSE FULBRIGHT

in this case because Judge Ho sanctioned Mr. Ramey in September in a case where Mr. Ramey failed to seek admission pro hac vice until ten months after the case was filed in the Southern District of New York. *Id.*; *see also* Exs. A, ¶ 5 *and* A-2 at *5.

Mr. Ramey agreed to enter an appearance and amend the Complaint by December 22, 2025. Exs. A, ¶ 6 *and* A-4 at 10, 11–12. That agreement was memorialized in the Joint Stipulation filed with the Court on December 16, 2025 (Dkt. 22) and was "So Ordered" on December 17, 2025. The stipulation also extended Janam's deadline to respond to the operative Complaint to January 30, 2026. *See* Dkt. 22.

On December 22, VDPP did not file an amended Complaint nor did Mr. Ramey file a motion seeking admission or appearance in this case. Ex. A, ¶ 7.

On December 29, I informed Mr. Ramey that he had missed the agreed deadlines and he responded "Yes, our apologies. Too many people on vacation. We will get it filed by COB Tuesday." Ex. A-4 at 6–7.[1] In the time between my November 12 letter and December 29, VDPP filed 17 other patent infringement cases. Ex. A, ¶ 8.

On January 2, 2026, Mr. Ramey filed the present motion for admission *Pro Hac Vice* (Dkt. 23) with the Affidavit of William P. Ramey, III (Dkt. 23-3, the "Affidavit"). Ex. A, ¶ 9. By 12:52 pm Central Time on the same day, I wrote Mr. Ramey identifying errors and omissions in the PHV Motion and asking Mr. Ramey to withdraw his affidavit. Exs. A, ¶ 9 *and* A-4, at 3–4. Rather than withdraw the affidavit, Mr. Ramey responded with an offer to resolve this case. Exs. A, ¶ 9 *and* A-4, at 1. As of the filing of this letter, Mr. Ramey has not withdrawn or corrected his PHV Motion or the accompanying affidavit.

**II.     Argument**

The Court should deny Mr. Ramey's PHV Motion for failing to comply with the Local Civil Rules and Federal Rule of Civil Procedure 11.

First, Mr. Ramey's affidavit is verifiably false. Under Local Civil Rule 1.3(k), an application for pro hac vice admission must be accompanied by an affidavit stating "whether the applicant has ever been censured, suspended, disbarred, or denied admission or readmission by any court." Mr. Ramey has been denied admission by at least one court. "On April 16, 2025, [the Court in *Coop. Entertainment, Inc. v Alibaba Cloud US LLC*] denied attorney William Ramey's [original] application to appear pro hac vice . . . . ." Ex. A-1 at *1. There, the court found that Mr. Ramey's "false statements and pattern of misconduct related to pro hac vice applications warranted denying his application as a matter of the Court's discretion." *Id.*

---

[1] Per L.C.R. 1.6, the following cases appear related to the present case: *Mesa Digital, LLC v. Janam Technologies LLC*, No. 2:25-cv-05394-NJC-ST (Mr. Ramey is counsel in *Mesa*. Ramey LLP is listed as a party "financially interested in the outcome of the case" in the corporate disclosure statements for both VDPP and Mesa Digital. Both the present case and *Mesa* are on the same timeline. Mr. Ramey agreed to the same stipulation in both cases but has not filed a motion for admission pro hac vice in *Mesa*.); *VDPP, LLC v. Innovative Video Tech., Inc.*, No. 1:25-cv-05404-GRB-AYS; *and VDPP, LLC v. Speco Technologies*, No. 2:25-cv-06294-SJB-AYS.

January 5, 2026
Page 3

NORTON ROSE FULBRIGHT

When confronted with the inconsistency between the Affidavit and the holding in *Coop. Entertainment* in an e-mail I sent him the same day he filed the PHV Motion, Mr. Ramey responded "I take the question to mean whether I have been denied admission. Let me take a further look." *See* Ex. A-4 at 2. As of this filing, Mr. Ramey has not made any further response to me on this question. Mr. Ramey's understanding that the rules require disclosure of cases where he was "denied admission," combined with Mr. Ramey's sworn statement that he is "familiar with the Local Rules of the U.S. District Court for the Eastern District of New York," mean that he knowingly made a false statement in his Affidavit. *See* Affidavit, ¶ 4.

Second, the PHV Motion contains a false statement in violation of Rule 11. Rule 11 states that "[b]y presenting to the court a pleading, written motion, or other paper—whether **by signing, filing**, submitting, or later advocating it—**an attorney** or unrepresented party **certifies that to the best of the person's knowledge** . . . (3) the factual contentions have evidentiary support." *See* FED. R. CIV. P. 11(b) (emphasis added). In the PHV Motion **that Mr. Ramey signed**, he stated that he has "**never been censured**, suspended, disbarred or denied admission or readmission by any court." Dkt. 23 (emphasis added). Mr. Ramey's own Affidavit proves this is false: "Magistrate Judge Kang **censured** and held me in contempt on March 26, 2025 (Exhibit A)." *See* Dkt. 23-3, ¶ 7 (emphasis added).

Third, Mr. Ramey's PHV Motion and Affidavit do not disclose several cases where he was sanctioned. *See* L.C.R. 1.3(k). In addition to the *Koji* case that Mr. Ramey mentioned in his Affidavit, he "has been subject to sanctions in other courts in addition to the Western District of Texas. In the last five years, district courts in California, Texas, and New York sanctioned Mr. Ramey and his associates under § 285 at least nine times." *mCom IP, LLC v. Cisco Sys., Inc.*, No. 6:22-CV-00261-ADA, slip op. at 4 (W.D. Tex. Dec. 16, 2025) (Ex. A-5); *see also* Ex. A-2 at *4 (identifying twelve cases where Mr. Ramey's conduct was "exceptional," justifying attorney fees under 35 U.S.C. § 285). Just last month, Judge Albright in the Western District of Texas enjoined Mr. Ramey and his law firm "from filing future complaints in the Western District of Texas asserting a claim of patent infringement without the advance permission from a judge of the Western District of Texas, the Fifth Circuit, or a delegee thereof." *Id.* at 1; *See, e.g.*, Ex. A-5 at 1. Other than the *Koji* case, Mr. Ramey's PHV Motion did not identify *mCom*, *AML IP*, or any other cases where he was sanctioned. *See* Dkt. 23-3, ¶ 7.[2]

Denying the PHV motion is warranted under these circumstances. "Although pro hac vice admissions are routinely granted, the Court's decision to do so is not simply a pro forma exercise, and there are occasions where such applications have been denied. A false statement in an attorney's motion for admission pro hac vice presents one such occasion for denial of the motion." *Ascento Cap., LLC v. Filipiak*, No. 24 CIV. 6392 (AT) (GS), 2024 WL 4536667, at *2 (S.D.N.Y. Sept. 30, 2024) (citations and quotation marks omitted); *see also* A-1 at *1 (denying Mr. Ramey's renewed application for admission pro hac vice in the Northern District of California). As in *Ascento* and *Coop. Ent., Inc.*, Mr. Ramey's false statements are an occasion to deny a pro hac vice motion.

---

[2] To the extent Mr. Ramey does not consider past sanctions relevant to the requirements of this District because those cases are on appeal, the Local Rules contain no such qualifier and the Federal Circuit has upheld sanctions against Mr. Ramey as recently as two months ago. *See EscapeX IP, LLC v. Google LLC*, 159 F.4th 1360, 1369 (Fed. Cir. 2025).

January 5, 2026
Page 4

**NORTON ROSE FULBRIGHT**

Staying all deadlines until Mr. Ramey's PHV Motion is resolved is proper relief. "FED. R. CIV. P. 26(c)(1) allows a court for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. To that end, upon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (citations, brackets, and quotation marks omitted). False statements and omissions by VDPP's lead counsel are good cause to stay this case until the situation is resolved.

### III.    Conclusion

For the foregoing reasons, Janam requests that the Court:

    (1) deny the PHV motion;

    (2) stay all deadlines in this case until the situation is resolved, and

    (3) order any other relief or remedies the Court deems appropriate in view of the serious and repeat nature of the conduct discussed above.[3]

Janam sincerely appreciates the Court's attention to this matter.[4]

Very respectfully,

*/s/ Talbot R. Hansum*
Talbot R. Hansum

Enclosures (6):
    Ex. A – Declaration of Talbot Hansum.
    Ex. A-1 – *Coop. Ent., Inc. v. Alibaba Cloud US LLC*, No. 25-CV-01842-LJC, 2025 WL 1343592 (N.D. Cal. May 8, 2025) (Cisneros, M.J.).
    Ex. A-2 – *AML IP, LLC v. Aero Glob., LLC*, No. 23 Civ. 11264 (DEH), 2025 WL 2673691 (S.D.N.Y. Sept. 18, 2025).
    Ex. A-3 – Deficiency Letter dated November 12, 2025.
    Ex. A-4 – E-mail Correspondence between Counsel.
    Ex. A-5 - *mCom IP, LLC v. Cisco Sys., Inc.*, No. 6:22-CV-00261-ADA, slip op. (W.D. Tex. Dec. 16, 2025).

---

[3] *See* Local Civil Rule 1.5.
[4] I certify that the body of this letter, including footnotes (other than this one), contains 1,735 words according to Microsoft Word and complies with the Court's word limits.