# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VDPP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JANAM TECHNOLOGIES LLC,<br><br>Defendant. | Case No. 2:25-cv-05391-SJB-AYS |

**DECLARATION OF TALBOT HANSUM IN SUPPORT OF
LETTER BRIEF IN OPPOSITION TO THE MOTION FOR ADMISSION
PRO HAC VICE OF WILLIAM P. RAMEY III**

I, TALBOT R. HANSUM, declare as follows:

1. I have personal knowledge of the facts set forth herein, and, if necessary, can and will testify to those facts.

2. I am an attorney at the law firm of Norton Rose Fulbright US LLP, which is counsel for Defendant Janam Technologies LLC ("Janam") in the above-captioned case.

3. On October 22, 2025, I spoke to Mr. David J. Hoffman—the counsel of record identified on VDPP, LLC's Complaint (Dkt. 1)—regarding an extension in this case. Mr. Hoffman referred me to Mr. Ramey for substantive questions and to discuss an extension beyond 30 days. I subsequently spoke to Mr. Ramey and he agreed to extend Janam's deadline to respond to the Complaint to December 22, 2025. VDPP filed an unopposed motion for extension of time on October 25, 2025.

4. On November 12, 2025, I sent Mr. Ramey a deficiency letter asking Mr. Ramey to dismiss the Complaint, or to amend the Complaint and enter an appearance in this case based on his apparent role as Lead Counsel. That letter is enclosed here as Exhibit A-3.

5. Janam requested Mr. Ramey's appearance in this case because Judge Ho sanctioned Mr. Ramey in September in a case where Mr. Ramey failed to seek admission pro hac vice until ten months after the case was filed in the Southern District of New York.

6. During the meet and confer process, Mr. Ramey agreed to enter an appearance and amend the Complaint by December 22, 2025.

7. On December 22, 2025, nothing was filed on the docket for this case and I received no communications from Mr. Ramey. VDPP did not file an amended Complaint nor did Mr. Ramey file a motion seeking admission or appearance in this case.

8. Based on a review of cases filed by VDPP on Docket Navigator, VDPP filed 17 patent infringement cases between November 12, 2025 and December 29, 2025.

9. On January 2, 2026, Mr. Ramey filed the present motion for admission *Pro Hac Vice* (Dkt. 23) with the Affidavit of William P. Ramey, III (Dkt. 23-3, the "Affidavit"). By 12:52 pm Central Time on the same day, I wrote Mr. Ramey identifying errors and omissions in the PHV Motion and asking Mr. Ramey to withdraw his affidavit. Ex. A-4. Rather than withdraw the affidavit, Mr. Ramey responded with an offer to resolve this case. As of 12 am Eastern Time on January 5, 2026, Mr. Ramey had not withdrawn or corrected his PHV Motion or the accompanying Affidavit on PACER.

10. Attached as Exhibit A-1 is a true and correct copy of *Coop. Ent., Inc. v. Alibaba Cloud US LLC*, No. 25-CV-01842-LJC, 2025 WL 1343592, at *1 (N.D. Cal. May 8, 2025) (Cisneros, M.J.).

11. Attached as Exhibit A-2 is a true and correct copy of *AML IP, LLC v. Aero Glob., LLC*, No. 23 Civ. 11264 (DEH), 2025 WL 2673691, at *4 (S.D.N.Y. Sept. 18, 2025).

12. Attached as Exhibit A-3 is a true and correct copy of a letter I sent via email to William Ramey, counsel for the plaintiff in the above-captioned case on November 12, 2025, including attachments to that letter.

13. Attached as Exhibit A-4 is a true and correct copy of an email thread between myself and Mr. Ramey. The email thread contains redactions to remove the amounts for settlement offers.

14. Attached as Exhibit A-5 is a true and correct copy of *mCom IP, LLC v. Cisco Sys.*, Inc., No. 6:22-CV-00261-ADA, slip op. at 4 (W.D. Tex. Dec. 16, 2025).

I declare under penalty of perjury under the laws of the United States of America that the

2

foregoing is true and correct to the best of my knowledge.

Executed on January 4, 2026 in Austin, Texas.

*Talbot R. Hansum*
---
Talbot R. Hansum