# EXHIBIT A-1

2025 WL 1343592
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

COOPERATIVE

ENTERTAINMENT, INC., Plaintiff,

v.

ALIBABA CLOUD US LLC, Defendant.

Case No. 25-cv-01842-LJC
|
Signed May 8, 2025

**Attorneys and Law Firms**

William Peterson Ramey III, Ramey LLP, Houston, TX, Jennifer L. Ishimoto, Palo Alto, CA, for Plaintiff.

Mark A. Hannemann, Pro Hac Vice, Troutman Pepper Locke LLP, New York, NY, Ryan A. Lewis, Troutman Pepper Locke LLP, San Francisco, CA, for Defendant.

**ORDER DENYING RENEWED APPLICATION TO APPEAR PRO HAC VICE AND REFERRING WILLIAM RAMEY TO THE COMMITTEE ON PROFESSIONAL CONDUCT**

Re: Dkt. Nos. 15, 16

LISA J. CISNEROS, United States Magistrate Judge

**\*1** On April 16, 2025, this Court denied attorney William Ramey's application to appear pro hac vice and ordered Ramey to show cause why sanctions including a $1,000 monetary assessment and mandatory reporting requirements should not issue for a false statement under penalty of perjury in that application. ECF No. 15. Specifically, Ramey declared in both his original application and a corrected application, ECF Nos. 13, 14, that he had previously been admitted pro hac vice "0" times in this Court in the past year, when in fact he had been admitted pro hac vice in five cases in the past year—some of those based on applications with similar false statements. ECF No. 15 at 1 & n.1 (citing *WirelessWerx IP, LLC v. Zipline Int'l*, No. 24-cv-08462-PHK, ECF No. 27 (N.D. Cal. Mar. 4, 2025); *Kephart Consulting, LLC v. AxxonSoft US, Inc.*, No. 24-cv-06770-KAW, ECF No. 30 (N.D. Cal. Feb. 24, 2025); *CyboEnergy, Inc. v. Duracell*

*Power Ctr., LLC*, No. 24-cv-08891-LJC, ECF No. 10 (N.D. Cal. Dec. 12, 2024); *WirelessWerx IP, LLC v. Life360, Inc.*, No. 23-cv-06725-AMO, ECF No. 38 (N.D. Cal. Oct. 8, 2024); *WirelessWerx IP, LLC v. Lyft, Inc.*, No. 24-cv-01144-VKD, ECF No. 57 (N.D. Cal. Apr. 30, 2024)). The Court noted that Ramey's false statement was made in a context when he was already facing scrutiny and sanctions for misuse of the pro hac vice process by another judge of this Court. *Id.* at 2 (citing *Koji IP*, No. 24-cv-03089-PHK, 2025 WL 917110, at *3 (N.D. Cal. Mar. 26, 2025), *appeal docketed*, No. 25-1639 (Fed. Cir. Apr. 11, 2025)).

Ramey has since filed another application to appear pro hac vice. ECF No. 16. The previous denial, however, was specifically made "with prejudice." *Id.* at 3. The new application is therefore effectively a motion for reconsideration, which neither meets the procedural requirements of Civil Local Rule 7-9, nor shows any substantive reason to reconsider the Court's prior ruling that Ramey's false statements and pattern of misconduct related to pro hac vice applications warranted denying his application as a matter of the Court's discretion. The renewed application is therefore DENIED.[1]

As for sanctions, Ramey offers declarations by himself and paralegal Basak Guzel explaining that Guzel, rather than Ramey, completed and filed the applications that contained false statements. Guzel describes the circumstances of those filings as follows:

> 3. On April 14, 2025 I was asked to file a motion pro hac vice for William P. Ramey, III in this matter. I sent a draft on April 14, 2025 to Ms. Jen Ishimoto and Mr. Ramey. Mr. Ramey approved but said I needed to update the number of times he had applied for pro hac vice in the past 12 months and include the two orders from *Koji v. Renesas*. Ms. Ishimoto also reminded me to update the pro hac vice number.

> **\*2** 4. In preparing what was filed as Document No. 13, I neglected to include the two orders from *Koji v. Renesas* even though Mr. Ramey had a firm meeting with all people employed by the firm to discuss compliance with the two orders.

> 5. In addition, I neglected to update the number of times Mr. Ramey had been granted pro hac vice in the prior 12 months. My understanding of the requirement at the time I filed was the number of times pro hac had been granted in this case and therefore I left it at "0."

Cooperative Entertainment, Inc. v. Alibaba Cloud US LLC, Slip Copy (2025)

2025 WL 1343592

ECF No. 16-2, ¶¶ 3–5.

Ramey describes the circumstances of the false statement similarly:

> Upon seeing the error in the pro hac vice application filed by the firm's paralegal, the paralegal was retrained on completing pro hac vice application forms. Before filing Doc. No. 14, the paralegal had been instructed by both me and Jen Ishimoto, counsel for Plaintiff, to update the number of times in the past 12 months that I had been admitted pro hac vice in the Northern District of California. From my discussions with the paralegal, she understood the number was to represent the number of times I filed a pro hac vice application in that specific court, in that specific case. There was no intent to deceive, simply an error was made that has not been corrected.

ECF No. 20-1, ¶ 12.

Taking these accounts at face value, they evince a severe failure by Ramey of judgment, training, and supervision. The relevant sentence of the pro hac vice form application reads: "I have been granted pro hac vice admission by the Court ___ times in the 12 months preceding this application." *See, e.g.*, ECF No. 13 at 1. If Guzel believed that question called for the number of times a particular attorney had been granted pro hac vice admission in the same *case*,[2] that suggests that she fundamentally misunderstood the nature of pro hac vice admission, which allows an attorney to appear for the full duration of a case. It is difficult to imagine a circumstance where an attorney would file a pro hac vice application after having already previously been admitted in the same case. Ramey's first error was therefore his apparent failure to provide adequate training regarding the purpose of these applications before delegating them to Guzel.

Second, when Guzel presented Ramey with a draft of the application, Ramey purportedly "said [she] needed to update the number of times he had applied for pro hac vice in the past 12 months," ECF No. 16-2, ¶ 3, but apparently failed to provide any guidance as to what the number should be or how Guzel should determine it.

Third, despite purportedly recognizing that the draft application included a false statement on Ramey's behalf under penalty of perjury, Ramey apparently neither asked to review nor actually reviewed the final version of the application, either before or after Guzel filed it on his behalf. Nor did Ramey identify that error in the "corrected" application that Guzel later filed attaching Judge Kang's orders from the *Koji* case. *See* ECF No. 14.

**\*3** Taking into account the context in which these filings occurred—when Ramey was already facing scrutiny and significant sanctions for his conduct related to pro hac vice appearances in this district—his submission of false statements in this case suggests at the very least gross negligence or recklessness in his supervision of Guzel and delegation of responsibility to complete and file such documents on his behalf. Those false statements implicate Ramey's responsibilities under a number of applicable rules and authorities. *See, e.g.*, ECF No. 13 at 2 ("I declare under penalty of perjury that the foregoing is true and correct."); 18 U.S.C. § 1621(2) (defining perjury by false declaration); Fed. R. Civ. P. 11(b), (c) (defining the representations inherent in any filing and providing for sanctions for violations); Civ. L.R. 5-1(c)(4) ("An ECF user may authorize another person to electronically file a document using the user ID and password of the ECF user. Nevertheless, the ECF user retains full responsibility for any document so filed."); Civ. L.R. 5-1(i)(1)–(2) (addressing documents deemed signed by an ECF user); Cal. R. Prof. Conduct 3.3 (Candor Toward the Tribunal); Tex. Disciplinary R. Prof. Conduct 3.03 (same).

The Court concludes that the sanctions contemplated by the previous Order to Show Cause are likely warranted. These issues, however, reflect a pattern of conduct across several cases, with Ramey having made the same sort of false declarations in at least two previous cases (*CyboEnergy v. Duracell Power*, No. 24-cv-08891-LJC; *WirelessWerx v. Lyft*, No. 24-cv-01144-VKD; *see* ECF No. 15 at 1 n.1) and at least two contemporaneously filed applications (*CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, No. 23-cv-06121, ECF No. 45 (N.D. Cal. Apr. 14, 2025); *Lime Green Lighting, LLC v. Brilliant NexGen Inc.*, No. 25-cv-00950, ECF No. 8 (N.D. Cal. Apr. 14, 2025)). To allow for due consideration of related false statements in those and potentially other cases, and in an effort to unduly duplicative sanctions across different cases, Ramey is hereby REFERRED to Court's Standing Committee on Professional Conduct to determine appropriate sanctions for his false statements in pro hac vice applications, potentially including monetary sanctions sufficient to deter future misconduct, a requirement to report such sanctions to other courts or disciplinary authorities, or any other sanctions the Committee finds to be appropriate. The Clerk is instructed to open a new miscellaneous matter to allow for the Standing Committee's consideration of this referral.

**Cooperative Entertainment, Inc. v. Alibaba Cloud US LLC, Slip Copy (2025)**

2025 WL 1343592

The Court is also concerned by Plaintiff's counsel Jennifer Ishimoto's role in the filing of the false pro hac vice application, and by her filing documents drafted by Ramey or his law firm without any appearance by that firm in the case. *See generally* ECF No. 19 (Ishimoto Decl.). But unlike Ramey, Ishimoto did not sign the false declarations that are primarily at issue here. The Court declines to impose any sanction against Ishimoto or against Plaintiff Cooperative Entertainment, Inc., and expects that her conduct at issue will not recur.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 1343592

---

Footnotes

1    Ramey's response to the Order to Show Cause indicates that he may have intended to file this latest version of his pro hac vice application solely to correct the record, and not to continue to seek permission to appear in this case. ECF No. 20 at 2 n.2. If so, the Court appreciates that the record has been corrected, although the intent of the new application could have been made clearer when it was filed.

2    Ramey's reference to Guzel having "understood the number was to represent the number of times [he] filed a pro hac vice application in that specific court," ECF No. 20-1, ¶ 12 suggests that Guzel (and perhaps also Ramey) might have also understood the form as calling for previous applications presented to the same judge, rather than to any judge of this district court as a whole. But that would not render the statement accurate, because the undersigned magistrate judge granted one of Ramey's previous pro hac vice applications. *CyboEnergy v. Duracell Power*, No. 24-cv-08891-LJC, ECF No. 10.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.