# EXHIBIT A-2

2025 WL 2673691
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

AML IP, LLC, Plaintiff,
v.
AERO GLOBAL, LLC, Defendant.

23 Civ. 11264 (DEH)
|
Signed September 18, 2025

**Attorneys and Law Firms**

William P. Ramey, III, Ramey LLP, Houston, TX, David John Hoffman, Law Office David J. Hoffman, New York, NY, for Plaintiff.

Andrew David Bochner, Ariel Reinitz, Bochner PLLC, New York, NY, for Defendant.

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

***1** Currently before the Court is Defendant Aero Global's Motion for Attorney's Fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent authority. ECF No. 49. Aero Global seeks to recover attorney's fees and costs from Plaintiff AML on the grounds that this case is "exceptional" within the meaning of 35 U.S.C. § 285 ("§ 285"). Def.'s Mem. of L. in Supp. of Mot. for Att'y's Fees ("Def.'s Br.") at 1, ECF No. 49-1. Aero Global also seeks to hold AML's counsel—William P. Ramey III and his firm, Ramey LLP—jointly and severally liable with AML for attorney's fees pursuant to 28 U.S.C. § 1927 ("§ 1927") and the Court's inherent authority. *Id.* at 16-19. Plaintiff opposes on all grounds. *See* Pl.'s Resp. to Def.'s Mot. for Att'y's Fees ("Pl.'s Opp.") at 1, ECF No. 53. For the reasons explained below, Aero Global's Motion is **GRANTED IN PART and DENIED IN PART**.

**BACKGROUND**

**I. Procedural History**
AML, represented by William P. Ramey III and Ramey LLP, commenced this patent infringement action against Aero Global on December 28, 2023. Compl., ECF No. 1. AML asserted that Aero Global infringed one or more claims of U.S. Patent No. 6,876,979 (the "'979 patent"). The '979 patent, entitled "Electronic Commerce Bridge System," relates to "novel and improved methods and apparatuses for conducting electronic commerce." *Id.* ¶¶ 7-8. Put simply, the '979 patent facilitates "the purchase of an item by a user from a vendor using an intermediary to debit and credit the user and vendor accounts." Def.'s Mem. of L. in Supp. of Mot. for J. on Pleadings ("Def.'s MJP") at 3, ECF No. 26. This patent was issued on April 5, 2005 and was later assigned to AML, a non-practicing entity.[1] *Id.* at 4. The patent expired on or about March 24, 2023. Def.'s Br. at 4.

In the Complaint, filed approximately nine months after the '979 patent expired, AML alleged that Aero Global infringed one or more of the patent's claims. AML claimed that Aero Global "kn[ew] of the '979 patent and the technology underlying it from at least the filing date of the lawsuit." Compl. ¶ 11. AML also alleged that Aero Global "maintain[ed], operate[d], and administer[ed] systems, products, and services that ... infringe[d] one or more of claims 1-13 of the '979 patent." *Id.* ¶ 9. Further, Plaintiff claimed that Aero Global "continue[d] to induce infringement" through "actively encourage[ing] or instruct[ing] others ... on how to use its products and services." *Id.* ¶ 11.

***2** On June 5, 2024, Aero Global moved for judgment on the pleadings pursuant to Rule 12(c),[2] arguing that the Complaint did not state a plausible claim for relief because (1) the '979 patent was invalid under 35 U.S.C. § 101 and *Alice Corp. Pty. v. CLS Bank Int'l* ("*Alice*"), 573 U.S. 208 (2014),[3] and (2) AML had no basis to allege the "continued" or "willful" infringement because the '979 patent expired before the case was filed. *See* Def.'s MJP at 7, 19. AML opposed the motion on the grounds that "the claims [we]re patent eligible, claim infringement ha[d] plausibly been plead, and Defendant ha[d] not disproved the factual allegations made in the Complaint." Pl.'s Resp. to Def.'s Mot. for J. on Pleadings at 1, ECF No. 28.

On August 14, 2024, while the motion for judgment on the pleadings was pending, Aero Global provided notice to the court of an opinion issued in the Eastern District of Texas holding that the '979 patent was invalid. Notice of Suppl. Authority, ECF No. 32 (attaching, as exhibit, *AML IP, LLC v. Bath & Body Works Direct, Inc.*, No. 22 Civ. 216, 2024 WL 3825242 (E.D. Tex. Aug. 13, 2024)). In that action, AML sued for infringement of the same patent at issue in

this case, the '979 patent. *Bath & Body Works*, 2024 WL 3825242, at *2. The *Bath & Body Works* court noted that claim 1 of the '979 patent was "strikingly similar to the claim the Supreme Court considered in *Alice*," which the Court ultimately concluded was too abstract to be patentable. *Id.* at *6. The *Bath & Body Works* court then determined that "claim 1 fail[ed] to supply an inventive concept sufficient to convert claim 1 into a claim over a patentable subject matter," and as such, held the patent invalid. *Id.* at *8. Eight days after Aero Global provided notice to the Court of the *Bath & Body Works* opinion, AML filed a Notice of Relevant Decision, alerting the Court to the same order. ECF No. 33. On October 18, 2024, AML filed a motion to stay pending their appeal in several relevant matters, including an appeal of the *Bath & Body Works* decision, which invalidated the '979 patent. ECF No. 34 at 1. Aero Global opposed this stay. ECF No. 36.

On October 30, 2024, the Court held a case management conference, during which the parties disagreed on how to move forward litigating this case given the *Bath & Body Works* decision. The Court ordered the parties to "meet and confer in a good-faith attempt to reach mutually-agreeable terms for a voluntary dismissal of the instant action." Mem. Endorsement, ECF No. 40. The parties were unable to agree to such terms. AML requested this Court "dismiss the case ... with prejudice, and deny all other relief." Pl.'s Status Letter at 1, ECF No. 42. Aero Global reported "that it was amendable [*sic*] to dismissal on condition that Plaintiff reimburse it for the fees it incurred in defending this action." Def.'s Status Letter at 1, ECF No. 43. It explained that it sought reimbursement because Plaintiff knew or should have known that the action should not have been brought, "because (a) the '979 Patent was ... objectively invalid, and (b) most (if not all) of Plaintiff's claims were frivolous on their face." *Id.* at 2. Thus, it argued, "Plaintiff's election to bring (and pursue) this case renders it squarely within the category of cases warranting an award of attorney's fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent authority." *Id.* It asked that the Court either deny AML's request for dismissal or grant the request "contingent upon an award of attorney's fees to Defendant," either pursuant to Rule 41(a)(2) or to § 285. *Id.* at 2-3.

*3 On November 20, 2024, the Court issued an Order dismissing this case with prejudice but retaining jurisdiction for the purpose of adjudicating any sanctions motion. *See* Order at 1, ECF No. 44. Shortly thereafter, Aero Global filed the pending Motion for Attorney's Fees. Defendant seeks to recover attorney's fees and costs from AML on the grounds that this case is "exceptional" within the meaning of § 285, and to hold AML's counsel—William P. Ramey III and his firm, Ramey LLP—jointly and severally liable with AML for attorney's fees pursuant to 1927 and/or the Court's inherent authority. Def.'s Br. at 1, 16-19. Plaintiff opposes all requested relief. *See* Pl.'s Opp. at 1. Since the motion became fully briefed, Aero Global has filed three notices of supplemental authority, highlighting six district court opinions that impose sanctions on Mr. Ramey pursuant to § 285, § 1927, the Court's inherent authority, or Rule 11. ECF Nos. 55, 56, & 58.

**II. Plaintiff's Conduct and Plaintiff's Counsel's Conduct**

To determine whether it should award attorney's fees or impose sanctions pursuant to § 285, § 1927, and/or the Court's inherent authority, the Court must examine AML's and Mr. Ramey's conduct over the course of this litigation and in other related actions. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."); *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 120 (2d Cir. 2000) (explaining that relevant to the inquiry under § 1927 "is the fact that [counsel's] behavior is repetitive"); *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 284 (2d Cir. 2021) (looking to attorney's "custom and practice" of failing to conduct pre-suit investigations and strategy of using "the burdens of litigation to extract settlements, even in frivolous or unmeritorious suits" to support a finding of bad faith under § 1927).

**A. AML and Mr. Ramey's Other Patent Actions**

As of the date of this Order, AML, with Mr. Ramey as counsel, has sued for infringement of the '979 patent 75 times.[4] Since the patent's expiration on March 24, 2023, AML and Mr. Ramey have asserted infringement of the '979 patent 34 times.[5] But Mr. Ramey's litigiousness is not unique to the '979 patent or this client (that is, AML). Defendant has identified numerous cases initiated by Mr. Ramey that courts have subsequently found exceptional under § 285 or that otherwise warrant sanctions, including:[6]

- *Silent Commc'ns, LLC v. BlackBerry Corp.*, No. 22 Civ. 252 at 6 (W.D. Tex. Mar. 25, 2025), ECF No. 106 (granting defendant's motion for attorney's fees under

§ 285 and § 1927 where, among other deficiencies, plaintiff, who was represented by Mr. Ramey, "failed to conduct an adequate pre-suit filing investigation [and] unnecessarily prolonged litigation"; noting that "Mr. Ramey ha[d] been cautioned about pre-filing failures before").

• *mCom IP, LLC v. City Nat'l Bank of Fla.*, No. 23 Civ. 23427, 2025 WL 939224, at *2 (S.D. Fla. Mar. 28, 2025), (adopting report and recommendation awarding attorney's fees pursuant to § 285 and § 1927 for plaintiff's "vexatious and unnecessary litigation", noting "Ramey's past misconduct" and lack of "pro hac vice in this case").

• *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24 Civ. 3089, 2025 WL 980796, at *19 (N.D. Cal. Mar. 31, 2025) (imposing sanctions on the plaintiff and Mr. Ramey under § 285, § 1927, and the court's inherent authority; noting that Mr. Ramey's conduct "demonstrate[s] a pattern and practice of egregious behavior" that was "truly extraordinary" and warranted sanctions to deter future misconduct).

• *EscapeX IP LLC v. Google LLC*, No. 22 Civ. 8711, 2023 WL 5257691, at *1 (N.D. Cal. Aug. 16, 2023) (imposing award of attorney's fees on Mr. Ramey under § 1927 where it was clear that plaintiff "conducted no serious pre-suit investigation and that this case was frivolous from the start").

**\*4** • *NetSoc, LLC v. Chegg Inc.*, No. 18 Civ. 10262, 2020 WL 7264162, at *4 (S.D.N.Y. Dec. 10, 2020) (finding the case to be "exceptional," warranting an award of attorney's fees under § 285, where "Plaintiff ignored the deficiency in its pleading of the '107 Patent claims for approximately three months after being informed of the error").

• *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 17 Civ. 42 at 6 (E.D. Tex. Mar. 29, 2022), ECF No. 448 (finding "case to be exceptional under § 285 after the Court denied Plaintiff's motion for leave to file the out-of-time objections to the claim construction" because it "became objectively unreasonable for [Plaintiff] to assert its infringement theories").

• *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 23 Civ. 2961, 2024 WL 3378456, at *3 (S.D. Tex. July 11, 2024) (awarding fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927 where plaintiff asserted "frivolous and objectively unreasonable" positions, including by "seeking future damages and an injunction for an expired patent").

• *Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 23 Civ. 791, 2024 WL 815553, at *1 (N.D. Tex. Feb. 27, 2024) (awarding attorney's fees under § 285 where Mr. Ramey asserted "substantively weak" claims which had "no viable damages theory" because the "expired patents could not give rise to future damages").

• *Wireless Discovery LLC v. Eharmony, Inc.*, No. 22 Civ. 480, 2024 WL 3825279, at *3 (D. Del. Aug. 15, 2024) (awarding fees under § 285 where the case brought by Mr. Ramey "was not a close patent eligibility case," and when, after the weakness of the patent was demonstrated, Mr. Ramey failed to properly amend the complaint).

• *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 18 Civ. 5880 at 16, (S.D.N.Y. Nov. 12, 2019), ECF No. 167 (recommending an award of fees under § 285 in part for bringing an "objectively baseless litigation").

• *ZT IP, LLC v. VMware, Inc.*, No. 22 Civ. 970, 2023 WL 1785769, at *2-3 (N.D. Tex. Feb. 6, 2023) (awarding fees under § 285 where plaintiff "conducted an inadequate investigation" and noting Mr. Ramey's "previous failure in a similar situation," which "aids the Court in finding frivolousness, motivation, and the need to advance considerations of compensation and deterrence").

• *WPEM, LLC v. SOTI Inc.*, No. 18 Civ. 156, 2020 WL 555545, at *3 (E.D. Tex. Feb. 4, 2020), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020) (awarding fees under § 285 where plaintiff "conducted absolutely no pre-filing investigation into the validity or enforceability of the Asserted Patent").

**B. Mr. Ramey's Unauthorized Practice of Law**

**\*5** New York Law "prohibits the unauthorized practice of law in both New York State courts and federal courts in this state"; any attorney who appears in court must be "duly and regularly licensed and admitted to practice law in the courts." *Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 485 (S.D.N.Y. 1996); N.Y. Judiciary Law § 478. "[M]aking a motion before this Court certainly constitutes 'the practice of law,' " and doing so without having "been admitted to practice before this Court pro hac vice," may be "a violation of New York State's prohibition against the

unauthorized practice of law" which is "a crime." *Erbacci*, 923 F. Supp at 485.

This District's Local Civil Rule 1.3 provides that "[a] member in good standing of the bar of any state or of any United States district court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion." EDNY & SDNY Local Civil Rule 1.3(i). The applicant "must electronically file a motion for admission pro hac vice on the court's ECF system and pay the required fee." *Id.* 1.3(j). Should "[a]ny attorney not a member of the bar of this court [ ] appear[ ] at the bar of this court without permission to do so," *id.* 1.5(b)(6), "[d]iscipline or other relief ... may be imposed," *id.* 1.5(b).

Mr. Ramey, who has not been admitted to practice law in this District, filed a motion to appear pro hac vice on October 29, 2024. *See* Def.'s Br. at 19 n.19; Mot. for Admis. Pro Hac Vice of William P. Ramey, III, ECF No. 37. Mr. Ramey filed his pro hac vice motion ten months after initiating this case and appearing on the Complaint as counsel. *See* Def.'s Br. at 19 n.19. Looking more broadly at Mr. Ramey's practice in this District, to date, Mr. Ramey has filed 16 patent infringement suits in which he registered as an attorney of record or signed the pleadings identifying himself as the plaintiff's counsel.[7] He has filed a pro hac vice application in only eight of these matters.[8] And in the cases where Mr. Ramey did make a pro hac vice application, he typically did so approximately seven months (220 days) after the complaint—which identified him as plaintiff's counsel—was filed.[9]

Mr. Ramey's "pattern and practice of violating and flouting ethical rules" goes beyond actions in this District where he is counsel. For example, in *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, the court identified 46 civil actions in the Northern District of California and 37 civil actions in the Central District of California in which Mr. Ramey registered as an attorney of record for a party or signed the pleadings identifying himself as the plaintiff's counsel but failed to file a pro hac vice application. No. 24 Civ. 3089, 2025 WL 917110, at *3-6 (N.D. Cal. Mar. 26, 2025). There, the Court remarked that "[i]t is quite likely that the volume-focused and quick-settlement nature of the Ramey law firm's practice motivated these attorneys' decisions to largely avoid filing pro hac vice applications and to seek pro hac admission in only a handful of cases." *Id.* at 7. Five days after issuing the order identifying these 73 actions where Mr. Ramey was unauthorizedly practicing law, the *Koji* court granted defendant's motion for attorney's fees under § 285, § 1927 and the Court's inherent authority to be levied against not only the plaintiff, but also against plaintiff's counsel, Mr. Ramey. *See Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24 Civ. 3089, 2025 WL 980796 (N.D. Cal. Mar. 31, 2025).

## DISCUSSION

**\*6** Aero Global moves for attorney's fees and costs pursuant to § 285, § 1927, and the Court's inherent authority. *See* Def.'s Mot. at 1. The Court analyzes each basis for imposing costs.

### I. 35 U.S.C. § 285

**A. Legal Standard**

Under § 285, "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[S]anctionable conduct," on its own, "is not the appropriate benchmark" for determining if fees should be awarded. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014). Instead, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* A court's decision whether to award fees pursuant to § 285 is governed by Federal Circuit law. *See Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1378 (Fed. Cir. 2022).

An "exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. "[I]n identifying a prevailing party, [a court] must consider whether the district court's decision effects or rebuffs a plaintiff's attempt to effect a material alteration in the legal relationship between the parties." *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019). However, "a favorable judgment on the merits is not necessary for a defendant to be deemed a prevailing party for purposes of statutory fee-shifting." *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303 (Fed. Cir. 2018) (citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016)). "[A] voluntary dismissal with prejudice ... has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain the defendant's fee claim under 35 U.S.C. § 285." *Raniere*, 887 F.3d at 1307.

In deciding whether to award attorney's fees, "district courts [are] given wide latitude as they engage in a case-by-case exercise of their discretion, considering the totality of the circumstances." *4 Pillar Dynasty LLC v. N.Y. & Co.*, 933 F.3d 202, 215 (2d Cir. 2019) (quoting *Octane Fitness*, 572 U.S. at 554). In this case-by-case exercise, district courts may consider: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1277 (Fed. Cir. 2018) (quoting *Octane Fitness*, 572 U.S. at 554 n.6). Section 285 "imposes no specific evidentiary burden," and litigants are not required to prove their entitlement to fees by clear and convincing evidence. *Octane Fitness*, 572 U.S. at 557. Instead, "patent litigants need only establish their entitlement to fees under § 285 by a preponderance of the evidence." *In re Rembrandt Techs.*, 899 F.3d at 1272.

**\*7** "It is well-settled that § 285 does not preclude a district court from separately imposing sanctions or fees under another authority." *PS Prods. Inc. v. Panther Trading Co. Inc.*, 122 F.4th 893, 898 (Fed. Cir. 2024). "[T]he district court can impose sanctions under its inherent power in addition to awarding attorney fees and costs under § 285." *Id.*

**B. Application**

**1. Prevailing Party**

Aero Global asserts that "in view of the Court's order (ECF No. 44), [it] is the 'prevailing party' in this action within the meaning of 35 U.S.C. § 285." Def.'s Br. at 8. A dismissal with prejudice renders the defendant the prevailing party under § 285. *See id.* at 7-8 (citing *United Cannabis Corp. v. Pure Hemp Collective, Inc.*, 66 F.4th 1362, 1368 (Fed. Cir. 2023)). That a dismissal with prejudice is *voluntary* does not prevent a defendant from being considered the prevailing party. *See* Def.'s Br. at 8 (citing *NetSoc, LLC v. Chegg Inc.*, No. 18 Civ. 10262, 2020 WL 7264162, at \*5 (S.D.N.Y. Dec. 10, 2020)).[10] Plaintiff does not refute the fact that Aero Global is the prevailing party. *See* Pl.'s Opp. at 1-18. Thus, this requirement is satisfied; Aero Global is the "prevailing party" within the meaning of 35 U.S.C. § 285.

**2. Exceptional Case**

Having determined that Aero Global was the "prevailing party" in this suit, the Court next considers whether this is an "exceptional case" such that Aero Global is entitled to attorney's fees under § 285. In doing so, the court considers factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554 n.6.

Aero Global contends that this case is exceptional for three reasons: (a) because the '979 patent was objectively invalid under 35 U.S.C. § 101 and *Alice*, so "no reasonable litigant could expect success on the merits of AML's § 101 position given the governing law," Def.'s Br. at 8; (b) because the '979 patent expired before this case was filed, making AML's claims that Defendant continues to infringe the '979 patent baseless, *id.* at 10-11; and (c) because AML has engaged in a pattern of filing lawsuits asserting objectively weak claims to extract nuisance-value settlements, which exploits the high cost of defending complex litigation and is grounds for a finding of exceptionality, *id.* at 12. The Court considers each in turn.

a. Validity of the '979 Patent

Aero Global first argues that because the '979 patent was objectively invalid under 35 U.S.C. § 101 and *Alice*, "no reasonable litigant could expect success on the merits of AML's § 101 position given the governing law." Def.'s Br. at 8. AML counters that it was reasonable for it to believe the '979 patent was patent-eligible based on multiple favorable rulings on its eligibility in other cases. Pl.'s Opp. at 8.

The Court holds that AML's position on the '979 patent's eligibility was, from the outset, unreasonable and meritless. No reasonable litigant could have expected success on the merits given governing law, and it was AML's responsibility to reassess its case in view of any "new controlling law." *Inventor Holdings v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1379 (Fed. Cir. 2017). Under *Alice*, "the use of a third-party intermediary in a financial transaction [is] an ineligible abstract idea." *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1350 (Fed. Cir. 2021). This should have given AML pause because the '979 patent facilitates "the purchase of an item by a user from a vendor using an intermediary to debit and credit the user and vendor accounts." Def.'s MJP at 3. Additionally, the *Bath & Body Works* court, which invalidated the '979 patent, observed that the '979 patent's claims are "strikingly similar to the claim the Supreme Court considered in *Alice*," which the Supreme Court found to be a patent ineligible abstract idea 11 years ago. *Bath & Body Works*, 2024 WL 3825242, at \*6. For these two reasons, the

Court finds Plaintiff's eligibility argument to be weak. The "weakness of [a plaintiff's] § 101 arguments and the need to deter similarly weak arguments in the future," is a sufficient basis for a court to find a "case to be exceptional." *Inventor Holdings*, 876 F.3d at 1377–78.

**\*8** Moreover, the Court disagrees with AML's (mis)characterization of the four "favorable rulings" that AML cites. In each ruling, the court denied the defendant's motion to dismiss and held off on delaying determination of the '979 patent's § 101 eligibility. But the courts also emphasized that their "order[s] d[id] not preclude [the defendants] from refiling [their] § 101 motion." *AML IP, LLC v. Bed Bath & Beyond, Inc.*, No. 21 Civ. 600, 2022 WL 1085617, at \*6 (W.D. Tex. Apr. 11, 2022); *see also AML IP, LLC v. Am. Eagle Outfitters, Inc.*, No. 21 Civ. 823, 2022 WL 11456095, at \*8 (W.D. Tex. Oct. 19, 2022); *AML IP, LLC v. J. C. Penney Corp. Inc.*, No. 21 Civ. 522, 2022 WL 10757631, at \*8 (W.D. Tex. Oct. 18, 2022); *AML IP, LLC v. Academy, LTD.*, No. 21 Civ. 789 (W. D. Tex. Oct. 20, 2022), ECF No. 42. These denials were not decisions on the merits, and characterizing them as "favorable" misrepresents the courts' holdings. Indeed, Plaintiff has cited no case in which a court has endorsed the eligibility of the '979 patent.

b. Merits of this Patent Infringement Suit

Second, Aero Global argues that Plaintiff's claims were frivolous because the '979 patent expired before this case was filed, making AML's claims that Defendant continues to infringe the '979 patent baseless. Def.'s Br. at 10-11. In response, Plaintiff contends that the "continued infringement" claim was in error. Pl.'s Opp. at 16. Notably, after Aero Global alerted AML to this in their motion for judgment on the pleadings, *see* Def.'s MJP at 19, AML attempted to file an amended complaint—but only did so well beyond 21 days after service of the responsive pleading. *See* Rule 15(a)(1). AML does not otherwise address the fact that the '979 patent expired before they initiated this suit in their response. *See* Pl.'s Opp. at 16.

The Court finds AML's claims of continued infringement of an expired patent weigh in favor of finding this case frivolous. AML filed suit seeking a permanent injunction or damages for future infringement, Compl. at 5—relief that is clearly precluded for a patent that expired a year before. As such, AML's request for such relief here was frivolous. *See Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming the district court's ruling that plaintiff "has not stated a claim on which relief may be granted" because the district court cannot "enjoin [defendant] from infringing an expired patent"); *VDPP, LLC*, 2024 WL 3378456, at \*3 (holding that it is "frivolous and objectively unreasonable" to seek future damages and an injunction for an expired patent); *Ortiz & Assocs. Consulting*, 2024 WL 815553, at \*1 (awarding attorney's fees under § 285 where Mr. Ramey asserted "no viable damages theory" because the "expired patents could not give rise to future damages").

c. AML's Pattern of Filing Patent Infringement Lawsuits

Third, Aero Global claims that AML has engaged in a pattern of filing lawsuits asserting objectively weak claims to extract nuisance-value settlements, which exploits the high cost of defending complex litigation and is grounds for a finding of exceptionality. *See* Def.'s Br. at 12. Because AML is an NPE and is generally immune to counterclaims, *see supra* n.1, Aero Global argues that an award of attorney's fees may be the only way to deter AML's conduct, *see* Def.'s Br. at 14. AML asserts that using conduct in other cases to support a finding of exceptionality is a "violat[ion] [of] AML's and its counsel's due process rights," and that there is nothing inherently improper with being an NPE and filing numerous lawsuits. Pl.'s Opp. at 14-16.

**\*9** The Court agrees with Aero Global and finds AML's counter-arguments unavailing. AML is correct that there is nothing inherently improper with being a nonpracticing entity. Nonetheless, "the appetite for licensing revenue cannot overpower a litigant's and its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011). AML argues—and the Court agrees —that "[a]sserting seemingly low damages against multiple defendants—or settling with defendants for less than the cost of litigation—does not necessarily make a case 'exceptional' under § 285." *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1363-64 (Fed. Cir. 2019); *see also SFA Sys., LLC*, 793 F.3d at 1351 ("The existence of other lawsuits by [plaintiff] does not, without more, render this case exceptional."). The Court, however, views AML's conduct as demonstrating a pattern of inadequate pre-filing investigation, extending beyond the present action. AML's "history of filing nearly identical patent infringement complaints against a plethora of diverse defendants" and "follow[ing] each filing with a demand for a quick settlement at a price far lower than the cost to defend the litigation," supports a finding of an "objectively baseless infringement action." *Eon-Net LP*, 653 F.3d at 1327– 28. While this pattern may not be sufficient on its own to find

exceptionality, it provides additional support for the need to deter future frivolous and unreasonable suits.

The Court finds that this case is exceptional because it stands out from others with respect to the substantive weakness of AML's litigating position (considering both the governing law and the facts of the case) and the unreasonable manner in which the case was litigated. *See Octane Fitness*, 572 U.S. at 554. Considering the totality of the circumstances, the Court finds Plaintiff's claims to be frivolous and objectively unreasonable, and further finds that sanctions to deter similar conduct are appropriate. Accordingly, the Court finds that fees under § 285 are warranted.

### II. 28 U.S.C. § 1927 and the Court's Inherent Power

#### A. Legal Standard

Under § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Whether the court should impose sanctions under § 1927 is governed by the law of the regional circuit. *See United Cannabis*, 66 F.4th at 1367. Section 1927 is "supplementary" and does not "displace[ ] the inherent power to impose sanctions for litigants' bad-faith conduct." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).

Federal courts have inherent powers that are governed by "the control necessarily vested in courts to manage their own affairs." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Whether to impose sanctions in the form of attorney's fees under the court's inherent authority is governed by the law of the regional circuit. *AntiCancer, Inc. v. Pfizer, Inc.*, 769 F.3d 1323, 1328 (Fed. Cir. 2014). Under a federal court's inherent power, a court may "sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ransmeier*, 718 F.3d at 68.

To impose sanctions under either the court's inherent powers or under § 1927, the court "must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000). "[A] claim is entirely without color when it lacks any legal or factual basis." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999). Bad faith can only be inferred "if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.* at 336. Both findings of bad faith and a colorless claim "must be supported by a high degree of specificity in the factual findings." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012).

**\*10** "In practice, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is ... that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Id.* at 144. "A law firm may be sanctioned for the acts of its attorneys under both the district court's inherent power and § 1927." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 142 (2d Cir. 2023).

#### B. Application

Aero Global argues that AML's counsel should be held jointly and severally liable with AML pursuant to 28 U.S.C. § 1927 and the Court's inherent power because AML's counsel is "singularly responsible for the negligence" in this case. Def.'s Br. at 17. Aero Global claims that Mr. Ramey knowingly, or at least recklessly, asserted invalid patent claims that were statutorily precluded due to the patent's expiration and points to 11 cases in which courts sanctioned Mr. Ramey for similar conduct. *See* Def.'s Reply in Supp. of Mot. for Att'y's Fees at 8, ECF No. 54; Def.'s Br. at 17-18. Plaintiff further pleads that "holding AML's counsel (both William Ramey and Ramey LLP) jointly and severally liable with AML is the only way to avoid an unjust result." Def.'s Br. at 19. AML opposes, arguing that there is no basis for sanctions under 28 U.S.C. § 1927 or the Court's inherent power because there is "no evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Pl.'s Opp. at 16. The Court agrees with Aero Global in part; AML filed a claim with no colorable basis, but the Court does not find clear and convincing evidence that AML's counsel acted in bad faith. Accordingly, the Court declines to impose sanctions under § 1927.

#### 1. Colorable Basis of Plaintiff's Claims

The Court finds AML's claims to be entirely without color because they are lacking both a legal and factual basis. *See Schlaifer Nance & Co.*, 194 F.3d at 337 ("[A] claim is entirely without color when it lacks any legal or factual basis.").

As discussed *supra, Alice* is clear; "there is no uncertainty or difficulty in applying the principles set out in *Alice* to reach the conclusion that [AML's] claims [regarding the '979 patent] are ineligible." *Inventor Holdings*, 876 F.3d at 1379. AML's counsel failed to conduct any pre-suit investigation into the patent-eligibility of the '979 patent. The '979 patent claims are objectively invalid and AML's claims completely without color.

**2. Bad Faith**

"Both § 1927 and the court's inherent power demand, *inter alia*, a clear demonstration of bad faith in order to justify sanctions." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1347 (2d Cir. 1991).

The Court finds it concerning that AML and Mr. Ramey were aware of the potential ineligibility of the '979 patent as early as April 19, 2021. In *AML IP, LLC v. Coinbase Global, Inc.*, AML alleged patent infringement of the '979 patent and the defendant filed a motion to dismiss, asserting the '979 patent claims "are precisely like those at issue in *Alice*" and that after the Supreme Court's decision in *Alice*, courts have repeatedly held that "this method of organizing human activity—a commercial interaction that is a fundamental economic practice—is an unpatentable abstract idea." No. 21 Civ. 174, 2021 WL 2936148, at *1 (D. Del. Apr. 19, 2021). The defendant in that case even charts a line-by-line comparison of the *Alice* claims and the '979 patent claims, concluding that "the '979 patent's claims are just as abstract as those in *Alice*, if not more so." *Id.* at 8. While the merits of the motion to dismiss ultimately were not evaluated (the parties filed a joint stipulation of dismissal on May 14, 2021[11]), the Court finds this to be compelling evidence that Mr. Ramey knew he was bringing an objectively invalid, unreasonable, and meritless claim.

**\*11** Nonetheless, the Court does not find sufficient evidence to satisfy the clear and convincing standard required to determine that this suit was filed in bad faith. Being aware of the deficiencies in a patent infringement case may suggest that "a reasonable attorney would have known not to proceed with trial. But in the Second Circuit, '28 U.S.C. § 1927 requires subjective bad faith of counsel,' not objective unreasonableness." *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 834 (Fed. Cir. 2010) (quoting *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1262 (2d Cir. 1996)). While Mr. Ramey should have known that the claims asserted were frivolous, the Court does not have enough evidence of his subjective intent to conclude that he brought the case in bad faith, especially because the *Bath & Body Works* court did not invalidate the '979 patent until after this case was filed. *See Schlaifer Nance & Co.*, 194 F.3d at 340 (declining to conclude that attorney acted in bad faith, where there is clear evidence that plaintiff should have known of the flaws in the claims but insufficient evidence to find that "they had utterly no basis for their subjective belief in the merits of their case").

Because the Court cannot find bad faith on the record presented here, Defendant's Motion to hold AML's counsel jointly and severally liable under § 1927 or the Court's inherent power is **DENIED**.

**CONCLUSION**

For the reasons explained above, Aero Global's Motion for Attorney's Fees pursuant to 35 U.S.C. § 285 is **GRANTED**. Aero Global's Motion for Attorney's Fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority is **DENIED**.

Aero Global shall submit a complete justification for the fees it seeks, by no later than three weeks from the publication of this order, including justification for the rates charged and the time spent, organized to facilitate the Court's review and adjustment of the requested fees. AML shall file its objections, if any, to Aero Global's submission, by no later than two weeks from the date of Aero Global submission. Aero Global may file a response to AML's objections, if any, by no later than one week from the date of AML's objections, if any.

The Clerk of Court is respectfully requested to terminate ECF No. 49.

SO ORDERED.

**All Citations**

Slip Copy, 2025 WL 2673691

---

Footnotes

| | |
|---|---|
| 1 | A non-practicing entity ("NPE") is "colloquially known as a 'patent troll.' It holds title to a group of patents, but conducts no research or development, manufactures and sells no product. [A]n NPE ... cannot obtain an injunction against patent infringement from a federal court." *Lamina Packing Innovations, LLC v. Monsieur Touton Selection, Ltd.*, No. 12 Civ. 5039, 2013 WL 1421781, at *1 (S.D.N.Y. Apr. 4, 2013). NPEs are not vulnerable to an infringement countersuit because they do not practice their patents. This means that NPEs can "threaten other firms with patent infringement actions ... without fear of retaliation." *See* Fed. Trade Comm'n, To Promote Innovation: The Proper Balance of Competition and Patent Law and Policy, 31 (Oct. 2003), http://www.ftc.gov/os/2003/10/innovationrpt.pdf. |
| 2 | All references to Rules are to the Federal Rules of Civil Procedure. |
| 3 | 35 U.S.C. § 101 defines the subject matter eligible for patent protection and provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. In *Alice,* the Supreme Court upheld a two-step test to determine whether patent claims are invalid under § 101. *See Alice,* 573 U.S. 208. First, the court must "determine whether the claims at issue are directed to a patent-ineligible concept." *Optis Cellular Tech., LLC v. Apple Inc.,* 139 F.4th 1363, 1378 (Fed. Cir. 2025). Second, the court must "consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* |
| 4 | *See* Unified Patents, Patent Infringement Cases Asserting U.S. Patent No. 6,876,979 by Plaintiff AML IP LLC, https://portal.unifiedpatents.com/litigation/caselist?cause_of_action=Infringement&cause_of_action=Patent+Infringement&patents=6876979&plaintiff=Aml+IP+LLC&sort=case_no [https://perma.cc/H7K9-79UB]. |
| 5 | *See* Unified Patents, Patent Infringement Cases Asserting U.S. Patent No. 6,876,979 by Plaintiff AML IP LLC from March 25, 2023 to July 25, 2025, https://portal.unifiedpatents.com/litigation/caselist?cause_of_action=Infringement&cause_of_action=Patent+Infringement&filed_date=2023-03-25--2025-07-25&patents=6876979&plaintiff=Aml+IP+LLC&sort=case_no [https://perma.cc/ZF52-HGZY]. |
| 6 | The following cases are drawn from ECF Nos. 49, 55, 56, 57, & 58. |
| 7 | This number includes cases that were transferred to this District. |
| 8 | *NetSoc, LLC v. Chegg Inc.*, No. 18 Civ. 10262 (S.D.N.Y.) (compl. filed Nov. 5, 2018, pro hac vice filed Mar. 1, 2019); *NetSoc, LLC v. LinkedIn Corp.*, No. 18 Civ. 12215 (S.D.N.Y.) (compl. filed Dec. 26, 2018, pro hac vice filed Feb. 15, 2019); *NetSoc, LLC v. Quora, Inc.*, No. 18 Civ. 12250 (S.D.N.Y.) (compl. filed Dec. 27, 2018, pro hac vice filed Feb. 15, 2019); *NetSoc, LLC v. Oath Inc.*, No. 18 Civ. 12267 (S.D.N.Y.) (compl. filed Dec. 27, 2018, pro hac vice filed Dec. 28, 2018); *Gold IP LLC v. Augury Inc.*, No. 21 Civ. 4788 (S.D.N.Y.) (compl. filed May 28, 2021, pro hac vice filed Sept. 13, 2022); *AK Meeting IP, LLC v. Epic Games, Inc.*, No. 23 Civ. 8214 (S.D.N.Y.) (compl. filed Sept. 18, 2023, pro hac vice filed Oct. 10, 2024); *EscapeX IP, LLC v. Google LLC*, No. 23 Civ. 10839 (S.D.N.Y.) (compl. filed Dec. 13, 2023, pro hac vice filed Mar. 4, 2025); *Linfo IP, LLC v. Am. Exch. Apparel Grp., Corp.*, No. 24 Civ. 2952 (S.D.N.Y.) (compl. filed Apr. 18, 2024, pro hac vice filed Aug. 28, 2024). |
| 9 | *See* cases cited *supra* n.8. |
| 10 | As Defendant notes, AML's counsel also represented the plaintiff in *NetSoc*. There, the Court found that case was exceptional under 35 U.S.C. § 285. *See* Def.'s Br. at 8 n.6. |
| 11 | Stipulation of Dismissal, *AML IP, LLC v. Coinbase Global, Inc.*, No. 21 Civ. 174, (D. Del. Apr. 19, 2021), ECF No. 14. |

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.