# EXHIBIT A-3

# NORTON ROSE FULBRIGHT

November 12, 2025

**VIA Email
(wramey@rameyfirm.com)
(djhoffman@djhoffmanlaw.com)**

Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255
United States of America

Direct line +1 512 536 3018
talbot.hansum@nortonrosefulbright.com

Tel +1 512 474 5201
Fax +1 512 536 4598

William P. Ramey III
5020 Montrose Blvd., Suite 800
Houston, TX 77006

David J. Hoffman
Counsel for VDPP, LLC
Hoffman Law
6576 Milestrip Rd.
Orchard Park, New York 14127

Re:     *VDPP, LLC v. Janam Technologies LLC*, Civil Action No. 2:25-cv-05391 Notice regarding Deficiencies in VDPP, LLC's Complaint

Dear Counsel:

I write on behalf of Janam Technologies LLC ("Janam") regarding VDPP, LLC's ("VDPP") Complaint filed on September 25, 2025, alleging infringement of U.S. Patent Nos. 9,426,452 ("the '452 Patent") and 10,021,380 ("the '380 Patent") (collectively, "the Asserted Patents"). In short, this is a Complaint that VDPP should not have filed.

The Complaint fails to state a claim upon which relief can be granted because VDPP failed to plead facts demonstrating it made reasonable efforts to ensure its licensees marked, and the Complaint fails to plausibly allege the elements for a claim of infringement.

More concerning is that several courts have admonished VDPP's counsel, Ramey LLP, for pursuing identical or similarly deficient claims.

Janam asks that you promptly dismiss this case with prejudice by December 1, 2025 to prevent Janam from incurring further expenses defending this matter. To the extent VDPP fails to dismiss by that date, Janam will seek attorneys' fees or other relief as appropriate, including fees generated preparing this letter.

## I.      **VDPP's counsel must appear in this case to avoid the unauthorized practice of law.**

As an initial matter, Mr. William P. Ramey III must enter an appearance in this matter to pursue VDPP's infringement claims. Counsel's pattern of delayed or non-existent appearances was recently highlighted in *AML IP, LLC v. Aero Glob., LLC*, No. 23 CIV. 11264 (DEH), 2025 WL 2673691, at *5 (S.D.N.Y. Sept. 18, 2025). In *AML*, Judge Ho noted that "New York Law 'prohibits the unauthorized practice of law in both New York State courts and federal courts in this state'; any attorney who appears in court must be 'duly and regularly licensed and admitted to practice

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

November 12, 2025
Page 2

NORTON ROSE FULBRIGHT

law in the courts.'" *Id*. (citing *Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 485 (S.D.N.Y. 1996); N.Y. Judiciary Law § 478). "[M]aking a motion before this Court certainly constitutes 'the practice of law,' and doing so without having 'been admitted to practice before this Court pro hac vice,' may be 'a violation of New York State's prohibition against the unauthorized practice of law' which is 'a crime.'" *Id*. quoting *Erbacci*, 923 F. Supp at 485. (quotations omitted).

Mr. Ramey is the apparent lead counsel in this case, but has not appeared in this case. In an October 22nd telephone discussion, I spoke to Mr. Hoffman—the only counsel of record for VDPP—regarding an extension in this case and was referred to Mr. Ramey for substantive questions and to discuss an extension beyond 30 days. Since then, Ramey LLP's website published a post about this case dated November 6, 2025 that credits Mr. Ramey as the author and states, "Ramey LLP filed the Original Complaint and demand for a jury trial in the Eastern District of New York, Brooklyn Division."[1] However, Ramey LLP did not file this case and is not present on the pleadings other than a mention in VDPP's corporate disclosure statement as a party with a financial interest in the outcome of this litigation. *See* Dkt. 5. That Ramey LLP's website takes credit for this lawsuit while counsel from Ramey LLP did not put its signature on the Complaint, provide a "pro hac vice pending" notification, or otherwise appear to "obtain relief on behalf of" VDPP is concerning and follows the pattern of past cases where local counsel has acted as a proxy for Ramey LLP, including cases where local counsel was sanctioned for deficient pleadings developed by Ramey LLP.[2]

Additionally, the Complaint that Mr. Hoffman signed and certified here maintains legal theories that have been rejected by other courts and maintains an infringement theory that lacked adequate pre-suit investigation. Under Rule 11, an attorney's signature on a pleading constitutes a certification that the legal contentions therein are warranted by existing law or by a nonfrivolous argument for extending support, modifying, or reversing existing law or for establishing new law, and have evidentiary support. *See* FED. R. CIV. P. 11(b)(2)–(3).

Given Ramey LLP's history of sanctions and the serious nature of the deficiencies in this case, Janam requests that Mr. Ramey appear in this case and hereby provides notice that Janam will request in-person hearings for all proceedings in this matter and expects Mr. Ramey to appear personally at each such hearing.

We trust that VDPP and its counsel understand the gravity of proceeding with a complaint advancing deficient theories that courts have previously rejected. Personal appearance by Mr. Ramey at all proceedings will ensure that VDPP's counsel provides this case with the requisite attention in respect of the court's time and judicial resources.

This expectation is not merely procedural courtesy, but stems from Ramey LLP's documented pattern of avoiding meaningful engagement with substantive deficiencies in pleadings. Courts that

---

[1] Exhibit 1 (William P. Ramey III, "Ramey LLP Files Patent Infringement Lawsuit On Behalf Of VDPP LLC Against Janam Technologies LLC." Intellectually Speaking Blog (November 6, 2025) (available at https://www.rameyfirm.com/ramey-llp-files-patent-infringement-lawsuit-on-behalf-of-vdpp-llc-against-janam-technologies-llc)).

[2] *See* Exhibit 2 (Lauren Castle, "Ramey's Proxy Tactics Put Local Attorneys in Jeopardy," Bloomberg Law (Oct. 14, 2025) (available at https://www.bloomberglaw.com/bloomberglawnews/ip-law/X9DHD9M4000000?bna_news_filter=ip-law#jcite)).

November 12, 2025
Page 3

NORTON ROSE FULBRIGHT

have sanctioned Mr. Ramey specifically noted his failure to conduct adequate pre-suit investigations and his persistence in maintaining legally deficient positions even after being placed on notice of their inadequacy. *See, e.g.*, *AML IP, LLC*, 2025 WL 2673691, at *3–4 (collecting cases awarding fees against clients represented by Ramey LLP that include the same deficiencies noted below); *see also Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-CV-03089-PHK, 2025 WL 917110, at *3–4 and *17–20 (N.D. Cal. Mar. 26, 2025) (finding Mr. Ramey "repeatedly and knowingly in many other cases, engaged in the unauthorized practice of law," including by failing to appear *pro hac vice*, and also rejecting a practice of "ghostwriting pleadings, briefs, and infringement contentions, as well as lead settlement negotiations, all in the background."). Your prompt attention to our concerns is imperative.

## II.    VDPP's recovery is barred by its failure to provide actual or constructive notice of the patent to Janam before the patent expired.

VDPP cannot recover any damages in this case without pleading facts showing it made reasonable efforts to ensure its licensees marked their products. VDPP knows this. It lost on the exact same issue in *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 4:23-cv-2961, 2024 WL 1313899(S.D. Tex. Mar. 27, 2024). "[A] patent owner is 'entitled to damages from the time when it either began marking its product in compliance with section 287(a)[, i.e., by providing constructive notice,] or when it actually notified the accused infringer of its infringement,' such as by filing suit." *VDPP*, 2024 WL 1313899, at *3 (alteration in original) (citations omitted). As in the *Volkswagen* case, VDPP and its licensees never provided Janam with actual or constructive notice of the patent before the patents expired on January 22, 2022. VDPP does not allege otherwise. *See* Compl., ¶ 17–22. Without any plausible allegations of notice, VDPP has no right to  recover damages.

While VDPP contends it "is a non-practicing entity, with no products to mark" and that it "has taken reasonable steps to ensure marking by any licensee producing a patented article," the Complaint fails to plead any facts to identify those "reasonable steps." "The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021) (quoting *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)). Despite having "entered into settlement licenses with several defendant entities," VDPP's Complaint does not identify any efforts to ensure marking by even one of those licensed defendants. *See* Compl., ¶ 18.

VDPP needed—but failed—to plead facts showing it made reasonable efforts to ensure that at least Acer American Corporation ("Acer"), TTE Technology, Inc. d/b/a TCL USA ("TCL"), and Facebook Technologies, LLC ("Facebook") marked products that were licensed and/or subject to VDPP lawsuits that were dismissed with prejudice. "[C]ourts have previously found that § 287's marking requirement applies to a ***patentee's authorization of other persons*** to make and sell patented items ***in whatever form the authorization was given***, regardless of whether the authorizations are settlement agreements, covenants not to sue or licenses." *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-CV-724, 2013 WL 4456161, at *8 (C.D. Cal. Aug. 16, 2013) (emphasis added) (internal citations omitted). "[T]he Federal Circuit has 'on numerous occasions explained that a non-exclusive patent license is equivalent to a covenant not to sue'" and "[c]ourts have extended this reasoning to conclude that dismissals with prejudice of patent infringement claims function as the equivalent of a license." *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, Civil Action No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023) (citing *TransCore,*

*LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) and *EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, at *2 (E.D. Tex. May 12, 2014)). VDPP authorized each of these companies—through its dismissal with prejudice of cases VDPP filed against each—to make or sell products that allegedly infringe the Asserted Patents. But the Complaint does not mention those products or VDPP's efforts to ensure they were marked.

Specifically, VDPP accused Acer of infringing the Asserted Patents by "making and selling mobile devices, including the 'Liquid' smartphones and 'Iconia One' tablets" in a Complaint filed August 6, 2019. Compl., *VDPP, LLC v. Acer America Corporation*, No. 3:19-cv-04571 (LB)(N.D. Cal. May 2, 2019), Dkt. 1, ¶ ¶ 9,16. VDPP authorized Acer's alleged infringement when Acer stipulated to dismissal, **with prejudice**, on March 25, 2020. *See* Stipulation of Dismissal with Prejudice, *VDPP, LLC v. Acer America Corporation*, Case No. 3:19-cv-04571(LB) (N.D. Cal. March 25, 2020), Dkt. 43. VDPP's Complaint does not mention Acer's, much less VDPP's, efforts to ensure any Acer products were marked.

VDPP similarly accused and dismissed, with prejudice, claims that the following products infringed the Asserted Patents. The Complaint contains no mention of these accused companies, products, or VDPP's efforts to ensure compliance by each with the marking statute:

- The TCL Class 3, 4, 5, 6-Series TVs allegedly made and sold by TCL were accused of infringing the '380 and '452 Patents; and

- Virtual reality headsets, including the Oculus Quest, Oculus Rift, and Oculus Go headsets allegedly made and sold by Facebook were accused of infringing the '452 Patent.[3]

Having identified these products that should be marked, VDPP must plead facts sufficient to show its compliance with the marking requirements. "The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat*, 876 F.3d at 1368. The patentee then "bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548, 591–92 (S.D. Tex. 2022). This letter triggers VDPP's obligation to plead compliance with § 287(a) for the products above and the others that VDPP accused of infringement by filing a Complaint and subsequently dismissing with prejudice.

That VDPP's prior licensees "did not agree that they were infringing" is irrelevant and non-sensical. VDPP has a duty under *Arctic Cat* to plausibly allege those licensees marked now that it has notice of unmarked products. *See Arctic Cat*, 876 F.3d at 1368. VDPP's position is non-sensical because the licensed products either infringe, or they do not. If the previously accused

---

[3] For each of these products, VDPP filed a Complaint alleging infringement of the '452 and/or '380 Patent, and then voluntarily dismissed the Complaint with prejudice. *See* Stipulation of Dismissal with Prejudice, *VDPP, LLC v. Acer America Corporation*, Case No. 3:19-cv-04571(LB) (N.D. Cal. March 252020), Dkt. 43; Notice of Dismissal, *VDPP, LLC, LLC v. TTE Technology, Inc.*, No. 5:19-cv-02019-JVS-SHK (C.D. Cal. Apr. 3, 2020), Dkt. No. 30; Order Granting Joint Stipulation for Dismissal with Prejudice, *VDPP, LLC v. Facebook Technologies, LLC*, No. 3:19-cv-04597 (LB) (N.D. Cal. May 11, 2020), Dkt. No. 75.

NORTON ROSE FULBRIGHT

products do not infringe, then VDPP should not have sued those companies or taken a settlement payment. If those products do infringe, then VDPP must comply with its marking obligations.

Further, VDPP cannot hide behind "[d]uties of confidentiality" that purportedly "prevent disclosure of settlement licenses and their terms." *See* Compl., ¶ 18. First, **VDPP's efforts** to ensure compliance with marking are not confidential and may be disclosed without revealing settlement license terms. Second, VDPP negotiated those dismissals and licenses as part of a campaign that now spans 126 different cases and could have negotiated the ability to disclose information relevant to marking in subsequent cases.

VDPP also cannot sidestep its marking obligations by "limit[ing] its claims of infringement to method claims." *See* Compl., ¶ 13. The marking requirement applies where a patent covers apparatus or system claims. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). Here, the '452 Patent contains only apparatus claims and the '380 Patent contains both apparatus and method claims.

Finally, VDPP's conclusory statements that it "pled all statutory requirements" and met "all conditions precedent to recovery" without identifying those requirements or how they were met is insufficient. *See* Compl., ¶ 12. Courts routinely reject conclusory allegations of marking compliance like these. *See Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21cv11018, 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022) (rejecting allegation that "[a]ll marking requirements under 35 U.S.C. § 287 have been complied with" (alteration in original)); *BelAir Elecs., Inc. v. Twelve S., LLC*, No. 2:22-cv-04443, 2023 WL 6388810, at *7 (D.S.C. Sept. 29, 2023) (dismissing complaint alleging plaintiff "complied with the provisions of 35 U.S.C. § 287" to "the extent required by law" (citation omitted)).

VDPP must amend to plausibly allege facts demonstrating VDPP made reasonable efforts to ensure each authorized product was marked. If VDPP is unable to do so, VDPP must dismiss the Complaint.

## III.    <u>VDPP also fails to state a claim of infringement.</u>

VDPP's infringement allegations are also deficient. First, VDPP fails to provide any plausible basis to allege infringement of the '452 patent. For example, VDPP's claim chart does not cite any basis for its contention that elements 2.13 and 2.14 are met. *See* Dkt. 1-2 at 9. Instead VDPP regurgitates the claim language in a conclusory sentence that the element is present in "Janam's Rugged Mini-Tablet." *See id.*

Second, VDPP failed to plausibly allege a single product meets all claim limitations for either Asserted Patent. VDPP's claim charts (Exhibits B and D to the Complaint) map different claim elements to a mix of the Janam XT1, GT2, and XT3. *See, e.g.,* Dkt. 1-2 at 5–6 (accusing the XT1 for some claim elements and the GT2 for others) and Dkt. 1-4 at 4–5 (accusing the XT1 for some claim elements and the XT3 for others). Without mapping a single accused product to each claim element, VDPP has failed to plausibly allege infringement.

Third, with respect to the '380 Patent, VDPP cites a "gumlet.com"—a source that appears to have no relationship to any Janam product—as its basis for alleging that Janam infringes claim element 1.7 requiring "displaying the modified combined image frame." *See* Dkt. 1-4 at 7–9.

VDPP must amend its Complaint to address these deficiencies or dismiss its Complaint.

November 12, 2025
Page 6

**NORTON ROSE FULBRIGHT**

### IV.    Janam urges VDPP to amend or dismiss, and avoid following the pattern of past conduct.

The Complaint in this case is especially concerning, because the deficiencies noted above existed in prior cases, and counsel for VDPP—Ramey LLP—was admonished by federal courts for the same behavior.

For example, with respect to marking, Ramey LLP was sanctioned by Judge Rosenthal of the Southern District of Texas sixteen months ago for maintaining a claim of pre-suit damages  for VDPP without demonstrating compliance with Section 287's marking requirement and for maintaining the same arguments proffered in this case:

> VDPP's legal theories were also flawed. It responded to Volkswagen's arguments by claiming that as a nonpracticing entity, it did not need to comply with the marking requirement by taking reasonable steps to enforce marking by its licensees. The law is to the contrary. VDPP had 11 settlement agreements that granted licenses to the '452 patent with no marking obligation. VDPP could not plead marking compliance with § 287(a), and it did not. VDPP also attempted to respond to Volkswagen's arguments by contending that VDPP's licensees did not admit to making an infringing product. That is both irrelevant and inconsistent with VDPP's allegations that these licensees had settled VDPP's accusations of infringement. . . .

> The court finds VDPP and its counsel, William P. Ramey, III of Ramey LLP, jointly and severally liable for the reasonable attorneys' fees that Volkswagen incurred in defending this case.

*VDPP, LLC v. Volkswagen Grp. of Am.*, No. H-23-2961, 2024 WL 3378456, at *3–4 (S.D. Tex. July 11, 2024) (internal citations omitted); *see also Ortiz*, 2023 WL 7184042, at *2–3 (Ramey LLP's client was required to mark products sold by manufacturers that "allegedly infringe on the Asserted Patents" and failure to do so meant that it "failed to plead compliance" with Section 287). While the *VDPP, LLC v. Volkswagen* case is currently on appeal to the Federal Circuit, Ramey LLP was on notice that its positions and arguments were not only legally incorrect, but sanctionable.[4]

As another example, with respect to insufficient pleadings of infringement, Ramey LLP was sanctioned by Judge Chhabria in August 2023 for failure to conduct a pre-suit investigation and to ensure that a Complaint he filed accused an appropriate product. *See EscapeX IP LLC v. Google LLC*, No. 22-CV-08711-VC, 2023 WL 5257691, at *1–2 (N.D. Cal. Aug. 16, 2023). Just as here, Ramey LLP's insufficient complaint in *EscapeX* combined allegations against more than

---

[4] Ramey LLP's practice of maintaining unsupported claims for pre-suit damages is made worse by his willingness to *disprove his own prior allegations* to keep those claims alive. In the appeal of *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, counsel offered to "develop evidence in discovery to either **show that the alleged unmarked product does not practice the Patents-in-suit**" after filing and pursuing infringement claims against that product. *See* Br. for Pl.-Appellant at 22, *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 24-1783 (Fed. Cir. Aug. 2, 2024) (emphasis added).

NORTON ROSE FULBRIGHT

one product because there were insufficient allegations to support an infringement action against one product on its own:

> It is obvious that EscapeX conducted no serious pre-suit investigation and that this case was frivolous from the start. EscapeX's initial and first amended complaints cobbled together features from two different YouTube products to allege infringement of its purported patent. When alerted to this fact by Google—a fact that a basic pre-suit investigation would have uncovered—EscapeX amended its complaint to assert its infringement claim only against the YouTube Video product. But EscapeX's infringement contentions asserted a priority date of October 21, 2014. A basic online search would have revealed that the accused "Auto Add" feature predated EscapeX's patent.

> Google placed EscapeX on notice of the baselessness of its claim early and often, urging it to dismiss the case. . . . This was, in short, an effort to force a modest settlement by pestering a tech giant with a frivolous suit on the assumption that the tech giant will prefer to capitulate than fight back.

*Id.* (internal citations omitted).

Ramey LLP has been sanctioned by the Southern District of New York for similar behavior at least three times. *See EscapeX IP, LLC v. Google LLC*, No. 23-cv-10839 (VSB) (VF), 2025 WL 893739, at *12 (S.D.N.Y. Mar. 24, 2025); *NetSoc, LLC v. Chegg Inc.*, No 18-cv-10262 (RA), 2020 WL 7264162, at *4 (S.D.N.Y. Dec. 10, 2020); *AML IP, LLC v. Aero Global, LLC*, No. 23-CV-11264 (DEH), 2025 WL 2673691, at *11 (S.D.N.Y. Sept. 18, 2025). The court levied sanctions against Ramey LLP in the *EscapeX* case (which concerned the same parties but different asserted patents as the *EscapeX* case in the Northern District of California), because "had [counsel] conducted a reasonable pre-suit investigation, he would have discovered that [the accused product] could not infringe [the asserted claim], because it does not meet every element of the claim." *EscapeX*, 2025 WL 893739, at *6. Similarly, the court in *NetSoc* awarded fees under § 285 where Ramey LLP ignored a deficiency in a patent-infringement claim for "three months after being informed of the error." *NetSoc*, 2020 WL 7264162, at *4.

Finally, the court levied sanctions against Ramey LLP *two months ago* for maintaining claims of infringement when the plaintiff "should have known" that the claims were objectively invalid under Section 101, for maintaining claims of *continued* infringement of a patent that had already expired, and for "demonstrating a pattern of inadequate pre-filing investigation, extending beyond the present action." *See AML IP*, 2025 WL 2673691, at *8–9.

In view of this history of sanctions, including sanctions for nearly identical arguments advanced in this case, Janam urges VDPP to dismiss its Complaint with prejudice.

November 12, 2025
Page 8

NORTON ROSE FULBRIGHT

*        *        *

We appreciate your attention to these concerns. To the extent VDPP is unwilling to dismiss by December 1, please provide your availability to meet and confer before November 21.

Sincerely,

Talbot R. Hansum

Enclosures (2)

# Exhibit 1

  

INTELLECTUALLY
SPEAKING®

📞 800-993-7499

# RAMEY LLP FILES PATENT INFRINGEMENT LAWSUIT ON BEHALF OF VDPP LLC AGAINST JANAM TECHNOLOGIES LLC

Posted by William P. Ramey III | Nov 06, 2025 | 0 Comments

**Ramey LLP**, a leading intellectual property law firm, has initiated a new patent infringement lawsuit on behalf of its client, **VDPP LLC**, against **JANAM TECHNOLOGIES LLC**.

## THE PATENTS AND TECHNOLOGY IN DISPUTE

The lawsuit, filed on **September 25, 2025**, centers on the infringement of two U.S. Patents owned by **VDPP LLC**: **U.S. Patent Nos. 10,021,380** and **9,426,452**.

These patents cover sophisticated optical technology titled **"Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials."** This innovation relates to advanced methods for creating adaptive lenses or viewing technology smooth adjustability.

🇺🇸 EN

## LEGAL ACTION IN THE EASTERN DISTRICT OF NEW YORK

**Ramey LLP** filed the **Original Complaint and demand for a jury trial** in the **Eastern District of New York, Brooklyn Division**.

**VDPP LLC** is taking this action to **seek relief from JANAM TECHNOLOGIES LLC for patent infringement** and to **protect its vital intellectual property rights**. Our firm is dedicated to defending the innovative assets of our clients through the legal process.

---

**COMPLAINT---VDPP-v.-Janam.pdf**
VDPP v. Janam

---

*Ramey LLP is a full-service litigation law firm working with a national client base from our Houston, Texas office. We are dedicated to enhancing client results through efficient practice management, innovative technologies and the use of skilled professionals.*

---

## SHARE

Share        Post        Share

## ABOUT THE AUTHOR



## WILLIAM P. RAMEY III

Managing Partner; Office: Houston

## COMMENTS

There are no comments for this post. Be the first and Add your Comment below.

## LEAVE A COMMENT

Name

Email

🇺🇸 EN

Message

Post Comment

Search Blog

Search

TOPICS

Patent Infringement    Ramey LLP    William P. (Bill) Ramey III    VDPP LLC

CONTACT OUR FIRM

First Name *

This field is required.

Last Name *

This field is required.

EN

Your Email *

This field is required.

Callback Number *

This field is required.

Comments *

This field is required.

Submit

# LEARN MORE ABOUT OUR EXPERIENCE AND SERVICES.

Our attorneys have worked at the large downtown law firms, and gained the valued skills and tactics available at the mega firms. We chose to use that experience to open a boutique firm where we could offer our clients personalized legal representation. We chose to locate our office in a suburban environment to keep our rates reasonable. We are mindful of our clients' bottom lines and financial constraints and work diligently to keep their legal costs within their budgets.

 EN

# IT'S TIME FOR ACTION.

Safeguarding your rights won't wait. Ramey LLP will provide the legal representation you need to protect your interests. Contact us to discuss your legal needs. Se habla español.



## OFFICE LOCATIONS

Houston

5020 Montrose Blvd., Suite 800

Houston, TX 77006

713-426-3923

832-900-4941 (fax)

This website is for informational purposes only and does not provide legal advice. Please do not act or refrain from acting based on anything you read on this site. Using this site or communicating with Ramey LLP through this site does not form an attorney/client relationship. This site is legal advertising. Please review the full disclaimer for more information.

## CONNECT



Copyright © 2025 Ramey LLP

Terms of Use    Privacy Policy    Anti-spam



# Exhibit 2

IP

# Ramey's Proxy Patent Tactics Put Local Attorneys in Jeopardy

Oct. 14, 2025, 4:02 AM CDT

Susan Kalra's 30-year career in law was in peril.

A federal judge's sanction order to self-report violations to the state bar forced her to resign from her job. She had to plead for a payment plan to cover her share of a $64,000 sanction fine.

Meanwhile, the attorney who hired her as his California counsel for the case that got her sanctioned, Bill Ramey, remains one of the country's most prolific filers of patent infringement lawsuits even as courts have sanctioned his firm and/or his clients at least 23 times.

Kalra is one of at least three attorneys facing career or reputational damage after agreeing to work for or with Ramey in jurisdictions where he can't litigate without the court's permission. Although judges have concluded Ramey controls most litigation from behind the scenes, they have so far been unsympathetic to the local counsel.

Kalra declined multiple phone and email requests for interviews.



William "Bill" P. Ramey III and Susan Kalra enter the San Francisco federal court on Sept. 19, 2024, to face a sanctions hearing over his practice's patent litigation in California.
Photographer: Loren Elliott/Bloomberg

"The adage 'if you lie down with dogs, you can expect to wake up with fleas' rings true here," Florida Magistrate Judge Enjoliqué Lett said in a filing when recommending sanctions against a local attorney for working with Ramey while he was "operating behind the scenes and driving the process."

Ramey's history includes violations of court rules and processes. But jurisdictional rules often limit courts' ability to punish Ramey when he's not admitted to practice in a district, exposing local attorneys to punitive judgments.

Ramey's proxies have risked fines and credibility in court, a cautionary tale for attorneys working with out-of-district firms. Although representing clients across the country can provide valuable and lucrative work experience, courts are starting to sanction Ramey and his local counsel.

Judges in some of the cases involving Ramey's local counsel have noted that lawyers are responsible for their conduct and work-product on cases where they are the named counsel, pointing to attorney conduct rules which state that attorneys signing submitted filings are the ones responsible for its contents, regardless of who drafted them.

"Attorneys can sometimes get very comfortable with that relationship and can sometimes be taken aback when something goes wrong," Cassandra Burke Robertson, a professor at Case Western Reserve University School of Law.

**Unhealthy Relationship**

Because Ramey is so prolific, filing about 260 lawsuits last year in at least 12 courts with only five lawyers on his staff, he relies on local attorneys in jurisdictions where he's not licensed.

That's not uncommon, he notes.

"When we work in any other state, we work with a licensed attorney in that state," Ramey said in a previous interview; he didn't respond to multiple interview requests for this story.

Ramey, a registered patent attorney licensed in Texas and Utah, has admissions in various federal courts across the country. "They're the ones that represent the client in court and we provide support to that attorney," he told Bloomberg Law in November 2024.

But courts have probed Ramey's leadership in those cases. At least one local proxy told a judge the arrangement was problematic.

Jimmy Chong, who began working with Ramey in 2021 on cases in Delaware's busy patent court, alleges their relationship deteriorated as Ramey's office sent "very aggressive and negative emails" about a case they were working on for a shared client.

Chong, in a court hearing, told the judge that Ramey berated him and treated him like a paralegal, tasking him with fixing draft filings with flawed signature lines, spelling errors and case numbers. Chong said he never even met the client, who primarily spoke with Ramey.

Ramey was not present at the hearing, and declined multiple Bloomberg Law requests for comment on the details of this article, including questions about Chong's claims.

"I don't want to expose my staff to that type of working relationship," Chong said during a court hearing called when he sought to withdraw as local counsel for Ramey's clients. "I don't think it is a healthy relationship."

Ramey and Chong agreed in multiple engagement letters, submitted as exhibits, that the Texas attorney would be responsible for drafting documents while local counsel handled filing with the court. The duo also agreed that Chong wouldn't be required to file any claims for Ramey's clients if he deemed them unethical, impractical, or not legally justifiable.

US District Judge Colm Connolly, in Delaware, found at least nine cases in which Ramey and Chong didn't comply with court rules. (He also referred Chong to the district's disciplinary committee for possible sanctions in cases not connected to his partnership with Ramey.) Chong didn't respond to multiple interview requests.

**Coast to Coast**

Florida lawyer Victoria Brieant also landed in hot water after working with Ramey for at least five years. Only state bar members can practice in Florida courts without special admission Ramey didn't have.

The court sanctioned Brieant over an infringement case she filed over an electronic banking technology patent, even though the Patent Trial and Appeal Board had largely invalidated the asserted patent claims months earlier.

Judge Robert N. Scola Jr. of the US District Court for the Southern District of Florida rejected the complaint as a "shotgun pleading" and the bank  demanded attorney's fees, characterizing the case as a "paradigm of abusive patent litigation."

The judge ordered Brieant, already sanctioned in a separate matter not involving Ramey, to cover a share of at least $84,600 of the bank's attorney fees. Ramey faced no consequences—and is now representing Brieant on appeal. Brieant didn't respond to interview requests.

Jennifer Ishimoto received only a warning over her work as local counsel for Ramey in California. Ishimoto, who declined to comment for this story, is now representing multiple Ramey clients, according to court records.

Magistrate Judge Virginia DeMarchi rebuked Ishimoto, who has 25 years of experience in IP law, for filing documents drafted by Ramey and his law firm that contained false statements.

"Taking into account the context in which these filings occurred—when Ramey was already facing scrutiny and significant sanctions for his conduct related to pro hac vice appearances in this district—his submission of false statements in this case suggests at the very least gross negligence or recklessness in his supervision," DeMarchi said.

Ramey oversaw another case with Ishimoto against Salesforce Inc. in the Northern District of California without the court's permission. Salesforce argued in August the duo allowed their client Vilox Technologies LLC to turn the litigation "into a shell game" by moving patent rights between entities and executives, and filing allegations without standing.

The software giant pushed for sanctions against both attorneys, arguing Ishimoto aided the bad behavior by filing documents with the court that "falsely suggested" Ramey received permission to manage the case in California. The motion is pending, and Ishimoto withdrew as Vilox's counsel.

Ramey and Ishimoto denied handling the case in bad faith in a September filing, arguing there was no confusion with who owned the asserted patents. Ishimoto said her role in the case was solely as local counsel after Kalra stopped working with Ramey, according to an accompanying declaration.

Ishimoto accepted that she could have investigated possible mistakes in filings, but any errors were "inadvertent," she said.

"The bottom line is that everyone in this case, including the Court, treated Mr. Ramey and his firm as counsel of record," Ishimoto said.

Ramey said in a September declaration his name was on each document because the case originated in Texas, before being transferred to California.

**Star Chamber**

Kalra began working with Ramey's firm as early as November 2019 as a local counsel, then joined him as an employee in February 2023. By mid-2023, Kalra had her first rebuke by a California federal judge.

Judge Vince Chhabria admonished her during a July 2023 hearing in EscapeX IP LLC's case against Google LLC, "You filed a frivolous infringement lawsuit, and you didn't investigate it, and you didn't think about it."

Kalra argued the suit had been filed before she joined Ramey's firm. But the judge said Kalra had her chances to bring up concerns about conduct of the litigation and didn't. The judge ordered EscapeX to pay Google more than $191,000 in legal fees, and later added $63,500 in sanctions against Kalra and Ramey for filing a motion for new evidence that wasn't new.

The sanctions are under appeal.

In another case, Magistrate Judge Peter Kang in San Francisco ordered sanctions on both Kalra and Ramey.

Kalra admitted to Kang that she allowed Ramey and one of his colleagues to work on her cases and sign filings as she dealt with stress-related health issues.

"I relied on the highly competent Partners at the Ramey LLP firm to work on cases and court filings including claim charts, and I utilized the firm's staff to assist with filings," Kalra said in the declaration. "I reviewed documents including complaints and memoranda before they were filed."

The judge ordered Kalra to pay over $8,000 in fees, take continuing legal education courses and self-report the sanctions. She also alerted the California state bar, and federal court disciplinary committees, according to a notice.

In the same case, Kang later questioned Kalra after she submitted a filing that accused the judge of operating his court "like a star chamber." Under questioning by the magistrate judge, Ramey was the only attorney who agreed with the choice of wording, though he contended he wasn't literally saying the court fit that description.

And after at least a four month-long search, she recently landed a job as an employment attorney with Michael Sullivan & Associates LLP.

But the sanctions could trigger a disciplinary probe that might suspend her law license, said David Carr, a 12-year veteran of the California State Bar including as assistant chief trial counsel.

"I think there is a high likelihood that Ms. Kalra will face professional discipline in California," Carr alleges. "The wind is going to be at the back of the prosecution here."

Kalra declined to comment on possible prosecution.

Near the end of the April hearing, Kalra approached Kang explaining her struggle to find work. She explained Murphy Austin Adams Schoenfeld LLP in Sacramento pressured her to resign because of the sanctions, while another firm cited the order during a job interview.

"I hear you Ms. Kalra," Kang said during the hearing. The sanctions stood.

---

To contact the reporter on this story: Lauren Castle in Dallas at lcastle@bloombergindustry.com

To contact the editors responsible for this story: Kartikay Mehrotra at kmehrotra@bloombergindustry.com; Bernie Kohn at bkohn@bloomberglaw.com

© 2025 Bloomberg Industry Group, Inc.   All Rights Reserved